BELL, (MALONE v.) See Case No. 8,994.

BELL, (MILLEDOLLAR v.) See Case No. 9,549.

## Case No. 1,257.

### BELL v. NELSON.

### NELSON v. BELL.

[8 Leg. Int. 22.]

District Court, S. D. New York. Jan. 30, 1851.

ARREST — SUPREME COURT RULE — DISCHARGE — FOREIGN ATTACHMENT—BOND TO DISCHARGE.

[1. A person arrested subsequent to the supreme court rule abolishing imprisonment for debt, but prior to its publication, is entitled to be discharged from arrest.]

[2. Where a defendant is not found, a foreign attachment remains in full force against all his property found within the district; and, to discharge it, defendant must furnish a bond to satisfy the full decree.]

[In admiralty. Libel in personam by Samuel C. Nelson against Thomas Bell and others. Defendant Bell was arrested.] Motion to discharge the bond executed by defendant [Bell] to the marshal in this case, on an order by the judge to hold to bail in the sum of $2,000. The capias had also a clause of foreign attachment upon which property was arrested. It is now contended that, the rule of the supreme court having abolished imprisonment for debt, the capias was void, and the bond taken under it should be cancelled. [Motion denied.]

[The supplemental rule of the supreme court referred to in the opinion provides as follows: "Imprisonment for debt on process issued out of the admiralty court is abolished in all cases where, by the law of the state in which the court is held, imprisonment for debt has been or shall be hereafter abolished upon similar or analogous process issuing from a state court."]

Before BETTS, District Judge.

THE COURT held that the party is entitled to be relieved from personal arrest, and it makes no difference whether the arrest was before or after the publication of the rule of the supreme court, provided it was

subsequent to the rule. As to the foreign attachment, where a defendant is not found, it remains in full force against all property of the defendant found in the district, and the defendant is bound, in order to discharge it, to come in and furnish a bond guaranteeing to satisfy the full decree. The supreme court rule cautiously forbears acting upon the existing practice beyond the relief of a defendant from the imprisonment of his person.

The defendant is bound by the bond executed, and motion denied, but without costs, as a new question of practice is involved.

[For subsequent proceedings in this matter, see Nelson v. Bell, Case No. 10,101a.]